888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aaroni Jacob SHINYDER, a/k/a Roni Jacobs, a/k/a Roni
Shinyder, Defendant-Appellant.
 No. 88-7236.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1988.
Decided Oct. 13, 1989.
 
 Aaroni Jacob Shinyder, appellant pro se.
 Max Higgins Lauten, Breckinridge Long Willcox, United States Attorney, Office of the U.S. Attorney, Scott J. Glick, United States Department of Justice, for appellee.
 Before ERVIN, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Aaroni Jacob Shinyder appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Shinyder was convicted of selling shampoo containing a counterfeit "NEXxUS" trademark, in violation of 18 U.S.C. Sec. 2320. He claims that his attorney was ineffective because he allegedly did not investigate the validity of the mark. In particular, he seems to assert that the registrant of the mark, the NEXxUS Products Company, was not entitled to exclusive use of the mark because Shinyder and others were using the mark before it was registered.
 
 
 3
 A challenge to the validity of a mark is an affirmative defense to a Sec. 2320 prosecution. See 18 U.S.C. Sec. 2320(c) (all affirmative defenses under the Lanham Act apply to Sec. 2320 prosecutions). We find, however, that Shinyder's attorney did not render ineffective assistance of counsel by allegedly failing to investigate such a defense.
 
 
 4
 Shinyder does not claim that he gave his attorney any reason to doubt the mark's validity. In the absence of any such information from Shinyder, his attorney reasonably could have relied on the fact the registration of a trademark is prima facie evidence of the registrant's right to exclusive use of the mark. 15 U.S.C. Sec. 1115(a). As Shinyder's attorney's actions were professionally reasonable, it follows that Shinyder's ineffective assistance of counsel claim is without merit. See Hill v. Lockhart, 474 U.S. 52, 57 (1985).
 
 
 5
 Shinyder also characterizes his guilty plea as a "coerced confession" made in violation of his privilege against self-incrimination because he pleaded guilty due to his attorney's alleged failure to investigate the trademark. This claim merely restates Shinyder's ineffective assistance of counsel claim and it is without merit for the reasons stated above.
 
 
 6
 Shinyder challenges his arrest and a search and seizure on fourth amendment grounds. Shinyder waived his right to litigate these claims by pleading guilty, however. See Tollett v. Henderson, 411 U.S. 258 (1973); Hall v. McKenzie, 575 F.2d 481 (4th Cir.1981).
 
 
 7
 Shinyder also claims that his guilty plea was involuntary because he was mentally incompetent and because of his lack of understanding of the English language. We find, as did the district court, that Shinyder's statements and conduct during the guilty plea proceedings conclusively refute these claims.
 
 
 8
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 9
 AFFIRMED.